# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALFONSO PERCY PEW,** : | |
| : | **Civil No. 3:15-CV-333** |
| **Plaintiff** : | |
| : | **(Judge Kosik)** |
| v. : | |
| : | **(Magistrate Judge Carlson)** |
| **SMU, et al.,** : | |
| : | |
| **Defendants** : | |

## REPORT AND RECOMMENDATION

### I. Introduction

In the Prison Litigation Reform Act, Congress established a series of procedures relating to prisoner civil litigation in federal court, procedures "designed to filter out the bad claims and facilitate consideration of the good." Jones v. Bock, 549 U.S. 199, 204 ( 2007). One critical component of these reforms calls upon federal courts to perform a gatekeeping function with respect to *pro se* inmates who repeatedly seek leave to proceed *in forma pauperis* while filing frivolous or meritless claims. As part of this statutorily mandated process, we are obliged to screen civil complaints lodged by *pro se* litigants who wish to proceed *in forma pauperis*, deny such leave to prisoners who have on three or more prior occasions filed frivolous or meritless claims in federal court, and dismiss these inmate complaints, unless the inmate alleges facts

1

showing that he is in imminent danger of serious bodily harm. 28 U.S.C. §1915(g).

In the instant case, we are now called upon to perform this function, a function which is an integral part of these Congressional "reforms designed to filter out the bad claims and facilitate consideration of the good" in this field. Jones v. Bock, 549 U.S. 199, 204( 2007). Upon consideration of this case, we conclude that it has been shown that the plaintiff has had three prior cases dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). We further find that the plaintiff has not sufficiently alleged or shown that he is in imminent danger of serious bodily harm. 28 U.S.C. §1915(g). Having made these findings, we recommend that the court deny the plaintiff *in forma pauperis* status. We further find that since the plaintiff is not entitled to pursue this case *in forma pauperis*, his request to amend this complaint should also be denied, without prejudice to the plaintiff filing an amended complaint when, and if, he pays the filing fee required by law.

II. **Statement of Facts and of the Case**

Alfonso Percy Pew, also known as Sehu Kessa Saa Tabani, is a prodigious and prodigiously unsuccessful *pro se* litigant. Indeed, a website of the Pennsylvania Department of Corrections which contains an "Inmate Strike Index" reveals that the plaintiff previously has initiated at least three civil actions in federal courts which

were dismissed either as frivolous or for failing to state a claim upon which relief can be granted. See Pew v. Cox, Civil No. 93-4128 (E.D. Pa. August 20, 1993)(dismissed as frivolous); Pew v. Kosik, Civil No. 95-143 (M.D. Pa. Apr. 7, 1995)(dismissed for failure to state a claim); Pew v. Moyer, Civil No. 96-714 (M.D. Pa. June 7, 1996)(dismissed for failure to state a claim).

Despite history of litigative failure, Pew has filed yet another *pro se* complaint, (Doc. 1) and a proposed amended complaint, (Docs. 14 and 15), suing various corrections officials and alleging that the conditions of his confinement at the Special Management Unit of the State Correctional Institution, Camp Hill, constitute cruel and unusual punishment. (Docs. 1 and 15.) Along with his complaint, Pew has filed a motion for leave to proceed *in forma pauperis*, (Doc. 6), and a motion which acknowledges that the plaintiff has had three or more prior cases dismissed as frivolous, but seeks to avoid the legal implications of his past history of frivolous litigation by alleging that his complaints rise to the level of an imminent life threatening emergency. (Doc. 20.)

For the reasons set forth below, we believe that the plaintiff has not sufficiently alleged or shown that he is in imminent damage of serious bodily harm. 28 U.S.C. §1915(g). Therefore, given the undisputed fact that the plaintiff has repeatedly filed frivolous and meritless claims in the past, as undeniably qualifies for denial of his in

forma pauperis privileges under §1915(g), this motion for leave to proceed *in forma pauperis* should be denied. Further, since Pew is not entitled to pursue this action *in forma pauperis*, it follows that the court should decline to allow him to amend this complaint and his request to amend this complaint (Doc. 14),should also be denied, without prejudice to the plaintiff filing an amended complaint when, and if, he pays the filing fee required by law

### III. Discussion

#### A. 28 U.S.C. §1915(g)– The Legal Standard.

Under the Prison Litigation Reform Act, this Court has an affirmative duty to screen and review prisoner complaints filed by inmates who seek leave to proceed *in forma pauperis*. 28 U.S.C. §1915A. One aspect of this review, a review "designed to filter out the bad claims and facilitate consideration of the good," Jones v. Bock, 549 U.S. 199, 204 ( 2007), entails ensuring that inmates who have abused this privilege in the past are not permitted to persist in further *in forma pauperis* litigation. Towards that end, Congress enacted 28 U.S.C. §1915(g), which provides in pertinent part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury

4

28 U.S.C. § 1915(g).

Congress enacted 28 U.S.C. § 1915(g) with the express purpose of "[d]eterring frivolous prisoner filings in the federal courts [a goal which] falls within the realm of Congress' legitimate interests." Abdul-Akbar v. McKelvie, 239 F.3d 307, 318-19 (3d Cir. 2001). With this goal in mind, it is well-settled that, "generally, a prisoner may not be granted IFP [*in forma pauperis*] status if, on three or more occasions, he brought an action that was dismissed as frivolous," Brown v. City Of Philadelphia, 331 F. App'x 898, 899, (3d Cir. 2009), and inmates who attempt to bring such lawsuits *in forma pauperis* should have their complaints dismissed. Id.

In determining whether a particular inmate-plaintiff has had three prior dismissals, or "three strikes," under §1915(g), we look to the status of the plaintiff's prior litigation history at the time he filed the current lawsuit. Thus, only dismissals which were actually ordered at the time of the filing of the instant case are counted towards a "three strike" assessment under §1915(g), and "[a] dismissal does not qualify as a 'strike' for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights. See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir.1999); Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir.1996)." Lopez v. U.S. Dept. of Justice, 228 F. App'x 218 (3d Cir.

2007). However, in assessing when a particular inmate plaintiff is subject to the gatekeeping provisions of §1915(g), it is also clear that "lawsuits dismissed as frivolous prior to the enactment of the PLRA count as 'strikes' under § 1915(g). See Adepegba v. Hammons, 103 F.3d 383 (5th Cir.1996); Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir.1996); Green v. Nottingham, 90 F.3d 415 (10th Cir.1996)." Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 144 (3d Cir. 1997).

The grounds of dismissal cited by the court in its dismissal orders are also significant in this setting. Section 1915(g) provides that the preclusive effect of this three strikes rule only applies where each of the prior cases "was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. Focusing on this statutory text, courts have held that a "dismissal based on a prisoner's failure to exhaust administrative remedies does not constitute a PLRA strike, unless a court explicitly and correctly concludes that the complaint reveals the exhaustion defense on its face and the court then dismisses the unexhausted complaint for failure to state a claim." Ball v. Famiglio, 726 F.3d 448, 460 (3d Cir. 2013) cert. denied, 134 S. Ct. 1547 (U.S. 2014). Similarly, a dismissal of an action "based on the immunity of the defendant, whether absolute or qualified, does not constitute a PLRA strike, including a strike based on frivolousness, unless a court explicitly and correctly concludes that the complaint reveals the immunity defense on

6

its face and dismisses the unexhausted complaint under Rule 12(b)(6) or expressly states that the ground for the dismissal is frivolousness." Ball v. Famiglio, 726 F.3d 448, 463 (3d Cir. 2013) cert. denied, 134 S. Ct. 1547 (U.S. 2014)

Furthermore, case law construing §1915(g) requires clarity regarding the grounds of dismissal before a dismissal order may count as a strike against a prisoner-plaintiff. As the United States Court of Appeals for the Third Circuit has observed: "a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(I), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013). Thus, a summary judgment dismissal of an action typically will not count as a strike under §1915(g), unless the summary judgment decision, on its face, dismissed the action as frivolous malicious or for failure to state a claim. Parks v. Samuels, 540 F. App'x 146, 150 (3d Cir. 2014) citing Blakely v. Wards, 738 F.3d 607 (4th Cir.2013) (en banc).

Further, by its terms, §1915(g):

[S]peaks of possible strikes only in terms of "an action or appeal ... that was dismissed" on one of the enumerated grounds, 28 U.S.C. § 1915(g). Thus, "[u]nder the plain language of the statute, only a dismissal may

7

count as a strike, not the affirmance of an earlier decision to dismiss." Jennings v. Natrona Cnty. Det. Center Med. Facility, 175 F.3d 775, 780 (10th Cir.1999). Also, . . . , "[t]he choice of the word 'dismiss' rather than 'affirm' in relation to appeals was unlikely an act of careless draftsmanship," but rather may be "most plausibly understood as a reference to section 1915(e)(2), which requires the court to '*dismiss* the case at any time if the court determines that ... the action *or appeal* ... is frivolous or malicious; [or] fails to state a claim on which relief may be granted.' " Thompson, 492 F.3d at 436 (emphasis and alterations in original) (quoting 28 U.S.C. § 1915(e)(2)(B)(I), (e)(2)(B)(iii)). Therefore, a dismissal of an appeal on one of the enumerated grounds counts as a PLRA strike, while an affirmance of a district court's dismissal does not, even if the underlying dismissal itself counts as a strike

Ball v. Famiglio, 726 F.3d 448, 464 (3d Cir. 2013) cert. denied, 134 S. Ct. 1547 (U.S. 2014)

Finally, the dismissal of a case without prejudice may nonetheless qualify as a strike under §1915(g), provided that the other requirements of the statute are met and the action is dismissed explicitly because it is "frivolous," "malicious," or "fails to state a claim." Childs v. Miller, 713 F.3d 1262, 1266 (10th Cir. 2013); Smith v. Veterans Admin., 636 F.3d 1306, 1313 (10th Cir. 2011); Day v. Maynard, 200 F.3d 665, 667 (10th Cir.1999) (per curiam). However, a dismissal for failure to prosecute, standing alone, may not qualify as a strike under §1915(g), unless there is also a finding of frivolousness. Butler v. Dep't of Justice, 492 F.3d 440, 441 (D.C. Cir. 2007) holding modified by Mitchell v. Fed. Bureau of Prisons, 587 F.3d 415 (D.C. Cir. 2009).

When adjudicating the question of whether to revoke an inmate's *in forma pauperis* status, the parties face shifting burdens of proof, production and persuasion. At the outset:

> [T]he initial production burden rests with the defendants. Thus, when challenging a prisoner's *IFP* status, the defendants must produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were "frivolous, malicious or fail[ed] to state a claim." § 1915(g). In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike. However, in many instances, the docket records will not reflect the basis for the dismissal. In these instances, the defendants may not simply rest on the fact of dismissal. Rather, the defendants must produce court records or other documentation that will allow the district court to determine that a prior case was dismissed because it was "frivolous, malicious or fail[ed] to state a claim." § 1915(g). Once the defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike.

Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005).

Once it is determined that an inmate-plaintiff has had at least three prior lawsuits dismissed "on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g) compels denial of *in forma pauperis* status and dismissal of *in forma pauperis* lawsuits unless the inmate alleges that he or she "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). With respect to this specific statutory exception, it is

clear that:

> The clause "unless he is in imminent danger of serious physical injury" is an exception to the preclusive effect of the statute. But the exception is cast in the present tense, not in the past tense, and the word "is" in the exception refers back to the same point in time as the first clause, i.e., the time of filing. The statute contemplates that the "imminent danger" will exist contemporaneously with the bringing of the action. Someone whose danger has passed cannot reasonably be described as someone who "is" in danger, nor can that past danger reasonably be described as "imminent."

Abdul-Akbar v. McKelvie, 239 F.3d at 313.

Moreover, in making this assessment of imminent danger:

> A court need not accept all allegations of injury made pursuant to § 1915(g). To the contrary, a court may discredit "factual claims of imminent danger that are 'clearly baseless,' i.e., allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.' " Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir.1998) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). The Supreme Court has directed that, in assessing a case under 28 U.S.C. § 1915, we are not required to accept without question the truth of the plaintiff's allegations. See Denton, 504 U.S. at 32. Rather, we may be guided by judicially noticeable facts in determining whether the allegations are baseless or wholly incredible.

Brown v. City Of Philadelphia, 331 F. App'x at 900.

"Instead, ' "[i]mminent" dangers are [only] those dangers which are about to occur at any moment or are impending.' " Meyers v. U.S. Dist. Court for the Middle Dist. of Pennsylvania, 1:11–CV–0173, 2011 WL 766937 (M.D.Pa. Feb.25, 2011). Therefore, "[t]he 'imminent danger' exception to § 1915(g)'s 'three strikes' rule is

available [solely] 'for genuine emergencies,' where 'time is pressing' and 'a threat ... is real and proximate.' Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir.2002)." Banks v. Crockett, CIV.A. 1:07–CV–1019, 2007 WL 1655504 (M.D.Pa. June 7, 2007). Kelly v. Bush, 1:12–CV–1245, 2012 WL 4017995 (M.D.Pa. July 2, 2012) report and recommendation adopted, 1:12–CV–1245, 2012 WL 4017998 (M.D.Pa. Sept.12, 2012), appeal dismissed (Nov. 20, 2012). See McClain v. Mosier, 1:13-CV-3011, 2014 WL 2864963 (M.D. Pa. June 24, 2014).

### B. Application of §1915(g)'s Three Strike Rule to This Lawsuit

Applying these legal benchmarks, we find that it is undisputed that the plaintiff has presently incurred three or more strikes. Therefore, the plaintiff is presumptively subject to revocation of his *in forma pauperis* privileges pursuant to §1915(g) by virtue of his lengthy past history of wholly meritless litigation. Given that the plaintiff is presumptively subject to more than three strikes due to the prior dismissal of numerous lawsuits which he has filed in the past, the plaintiff now "bears the ultimate burden of persuading the court that § 1915(g) does not preclude *IFP* status." Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005).

In this case the plaintiff cannot avail himself of the "imminent danger" exception to § 1915(g)'s preclusive effect. As we have noted, in making this imminent danger assessment, "[a] court need not accept all allegations of injury made pursuant

to § 1915(g). To the contrary, a court may discredit 'factual claims of imminent danger that are "clearly baseless," i.e., allegations that are fantastic or delusional and rise to the level of the "irrational or wholly incredible." ' Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir.1998)." Brown v. City Of Philadelphia, 331 F. App'x at 900. "Instead, ' "[i]mminent" dangers are [only] those dangers which are about to occur at any moment or are impending.' " Meyers v. U.S. Dist. Court for the Middle Dist. of Pennsylvania, 1:11–CV–0173, 2011 WL 766937 (M.D.Pa. Feb.25, 2011). Therefore, "[t]he 'imminent danger' exception to § 1915(g)'s 'three strikes' rule is available [solely] 'for genuine emergencies,' where 'time is pressing' and 'a threat ... is real and proximate.' Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir.2002)." Banks v. Crockett, CIV.A. 1:07–CV–1019, 2007 WL 1655504 (M.D.Pa. June 7, 2007).

Here, the plaintiff's "imminent danger" claim fails since this claim is supported largely by the very general allegations in his complaint that conditions of confinement at the SMU constitute cruel and unusual punishment., Yet, we are constrained to note that other similar claims have been repeatedly rebuffed by the courts, which have found that these conditions of confinement do not offend the constitution. See, Spencer v. Courtier, 552 F. App'x 121, 124 (3d Cir. 2014); Sides v. Law, 283 F. App'x 930, 933 (3d Cir. 2008). Given that these conditions of confinement generally have not been found to violate the constitution it is difficult to see how these same

conditions could rise to the level of an imminently life threatening constitutional violation.

Further, a number of the incidents recited by Pew in his complaint allegedly occurred many months ago. For example, one of the few specific incidents described by Pew in his complaint is alleged to have occurred six months ago, in February 2015. (Doc.1 , p.1.) Since "[i]mminent" dangers are [only] those dangers which are about to occur at any moment or are impending' " Meyers v. U.S. Dist. Court for the Middle Dist. of Pennsylvania, 1:11–CV–0173, 2011 WL 766937 (M.D.Pa. Feb.25, 2011), these allegations simply do not qualify as an imminent harm.

In sum, finding that it has been shown that the plaintiff has undeniably had three prior cases dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g), and further finding that the plaintiff has not sufficiently alleged or shown that he is in imminent damage of serious bodily harm, 28 U.S.C. §1915(g), we recommend that the court deny this motion for leave to proceed *in forma pauperis*, (Doc. 6), and a motion which acknowledges that the plaintiff has had three or more prior cases dismissed as frivolous, but seeks to avoid the legal implications of his past history of frivolous litigation by alleging that his conditions of confinement violation his constitutional rights. (Doc. 20.)

This recommendation, in turn, guides us in addressing Pew's motion to amend his complaint. (Doc. 14.) Since Pew is not entitled to pursue this action *in forma pauperis*, it follows that the court should decline to allow him to amend this complaint and his request to amend this complaint (Doc. 14),should also be denied, without prejudice to the plaintiff filing an amended complaint when, and if, he pays the filing fee required by law.

### IV.     **<u>Recommendation</u>**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the court DENY this motions for leave to proceed *in forma pauperis*, (Doc. 6), and a related motion which acknowledges that the plaintiff has had three or more prior cases dismissed as frivolous, but seeks to avoid the legal implications of his past history of frivolous litigation by alleging that his complaints rise to the level of an imminent life threatening emergency (Doc. 20), and Pew should be informed that his case is DISMISSED without prejudice to re-filing if, and when, he pays the filing fee otherwise required by law. IT IS FURTHER RECOMMENDED that since Pew is not entitled to pursue this action *in forma pauperis*, it follows that the court should decline to allow him to amend this complaint and his request to amend this complaint (Doc. 14),should also be DENIED, without prejudice to the plaintiff filing an amended complaint when, and if, he pays the filing fee required by law.

The Plaintiff is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 28th day of August, 2015.

<u>*S/Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge