UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

_____

ALFONSO PERCY PEW,

                 Plaintiff,

          v.

SMU, et al.,

                 Defendants.

_____

       CIVIL ACTION NO. 3:15-CV-333

       (Judge Kosik)

## **ORDER**

AND NOW, THIS 22nd DAY OF SEPTEMBER, 2015, IT APPEARING TO THE COURT THAT:

(1) Plaintiff, Alfonso Percy Pew, an inmate confined at the State Correctional Institution Forest, Marienville, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 *pro se*, on February 17, 2015 (Doc. 1)[1]. Plaintiff's Complaint is based on problems Plaintiff encountered in the Special Management Unit with the extraction team and the use of "capstun". Plaintiff also complains about his lack of clothing and the diet he is provided[2];

(2) The action was referred to Magistrate Judge Martin C. Carlson for Report and Recommendation;

(3) On August 28, 2015, the Magistrate Judge issued a Report and Recommendation (Doc. 21), wherein he recommended that the Court deny Plaintiff in forma pauperis status and decline to permit him to file an Amended Complaint without first paying the filing fee required by law;

(4) Specifically, after reviewing the law surrounding 28 U.S.C. § 1915(g), the Magistrate Judge found that Plaintiff has not sufficiently alleged or shown that he is in

---

[1]The allegations in the Complaint occurred while Plaintiff was an inmate at SCI-Camp Hill, Pennsylvania.

[2]The Plaintiff filed a Motion to Amend the Complaint (Doc. 14), an Amended Complaint (Doc. 15), and Supplements (Docs. 16, 18, and 19), which attempt to raise additional unrelated claims.

imminent danger of serious bodily harm, as required under 28 U.S.C. § 1915(g);

(5) On September 11, 2015, Plaintiff filed Objections (Doc. 22) to the Report and Recommendation and a Brief in Support thereof (Doc. 23);

(6) In his Objections, Plaintiff does not dispute that he falls within the Three Strikes provision of 28 U.S.C. §1915(g), but challenges the Magistrate Judge's conclusion that Plaintiff has not established that he is under imminent danger of serious physical injury, arguing that the SMU conditions placed his health and safety in imminent danger of serious bodily harm;

AND, IT FURTHER APPEARING THAT:

(7) When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made.  28 U.S.C. §636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. §636(b)(1); Local Rule 72.3.  Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper.  United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984);

(8)  After reviewing the Magistrate Judge's Report and Recommendation and the Plaintiff's Objections and Brief, we find that the Magistrate Judge is correct in concluding that the Plaintiff's allegations do not fall within the ambit of imminent danger of serious physical injury;

(9)  Imminent dangers are those dangers which are about to occur at any moment or are impending. Abdul-Akbar v. McKelvie. 239 F.3d 307, 315 (3d Cir. 2001).  Practices that "may prove detrimental ... over time" also do not represent imminent dangers as the harm is not "about to occur at any moment." Ball v. Famiglio, 726 F.3d 448, 468 (3d Cir. 2013)(quoting Abdul-Akbar, 239 F.3d at 315)(internal quotation marks omitted).  Further, even if an alleged harm may in fact be "impending", it does not satisfy the exception if it does not threaten to cause "serious

physical injury." 28 U.S.C. §1915(g).  Vague or conclusory allegations are insufficient to meet this standard.  See Ball, 726 F.3d at 468;

(10)     In the instant action, the basis of Plaintiff's claims deal with conditions of confinement in the SMU.  Plaintiff attempts to set forth the facts in such a way as to come within the "imminent harm" exception to be permitted to proceed in this action, even though he is subject to the Three Strikes Bar.  There are no allegations in the Complaint demonstrating "impending serious physical injury".  Any such claim regarding the impact of the conditions of confinement is speculative at best.  Clearly, such allegations do not suggest that, at the time the Complaint was filed, there existed imminent, impending harm to Plaintiff, who is no longer housed at SCI Camp Hill.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Martin C. Carlson dated August 28, 2015 (Doc. 21) is **ADOPTED**;

(2) Plaintiff's request to proceed in forma pauperis (Doc. 6) is **DENIED**;

(3) Plaintiff's Motion to Amend the Complaint (Doc. 14) is **DENIED** and Plaintiff is not permitted to file an Amended Complaint without paying the filing fee required by law;

(4) The Complaint is **DISMISSED**, **without prejudice**, pursuant to 28 U.S.C. §1915(g).  Should Plaintiff submit the full $350.00 filing fee and $50.00 administrative fee within twenty (20) days from the date of this Order, the Clerk of Court shall reopen this case; and,

(5) The Clerk of Court is directed to **CLOSE** this case and to **FORWARD** a copy of this Order to the Magistrate Judge.


      s/Edwin M. Kosik
      Edwin M. Kosik
      United States District Judge